UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brandon J. Lunn, | ) C/A No. 5:12-02453-MGL-KDW |
| Plaintiff, | ) |
| v. | ) Report and Recommendation |
| Florence Mauney, | ) |
| Defendant. | ) |

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C. Brandon J. Lunn ("Plaintiff") is a self-represented state prisoner incarcerated at Perry Correctional Institution, who files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Amended Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

I.  Background

Plaintiff submitted a pleading entitled "Complaints of State Prisoners," which the court construed as a civil rights action brought pursuant to 42 U.S.C. § 1983. ECF No. 1. The Complaint contained no caption, therefore, it was difficult to determine which defendants Plaintiff intended to sue. *Id.* The pleading's claims, involving allegedly unconstitutional prison conditions, were presented in general terms with no direct facts regarding Plaintiff. *Id.* Therefore, the court issued an order directing Plaintiff to bring this case into proper form for initial review and possible service of process. ECF No. 7. In addition to providing the service and financial documents required to advance this case, the court directed Plaintiff to complete a standard complaint form, clearly

indicating the defendants he wished to sue and briefly stating his claims against such defendants. *Id.* at 2.

Plaintiff complied with the court's order by submitting all of the documents, to include a standard complaint form, which has been docketed as an Amended Complaint. ECF No. 13. The Amended Complaint, which lists Florence Mauney as the sole Defendant in the pleading's caption and "parties" section, *id.* at 1–2, alleges that prison conditions at Perry Correctional Institution are violating the rights of inmates. *Id.* at 2. Plaintiff claims that "Medical Staff handling our meds" put the medication in a cup, preventing inmates from seeing the type of medication being given. *Id.* at 3. Plaintiff also complains that security personnel, rather than medical nurses, distribute the medication. *Id.* Next, Plaintiff alleges that closed "window flaps" prevent "necessary communication concerning legitimate issues," putting inmates on crisis intervention in danger of harming themselves. *Id.* The Amended Complaint also claims that inmates are "forced to stand in back of cell naked on shower days," while officers allegedly smile and wink their eyes. *Id.* Plaintiff states such conduct constitutes sexual harassment and is humiliating to inmates. *Id.* The amended pleading further claims that "[i]nmates are not being allow[ed] legal materials in a timely fashion," and have not been "outside in the last four months" for "proper recreation." *Id.* at 4. Inmates are also allegedly denied cleaning supplies resulting in insects coming into the rooms. *Id.* Plaintiff further claims that crisis intervention prisoners are denied toilet tissue and allowed only a blanket and a bag lunch, which they must eat without utensils. *Id.* Inmates have also been allegedly "sprayed with chemical munition and left unable to wash the burning areas with any soap for up to several weeks." *Id.* at 5. The Amended Complaint states that inmates have "addressed the issues

in several ways" to include bringing the problems to the attention of "Administration." *Id.* However, no changes have been made. *Id.* Plaintiff seeks injunctive relief. *Id.* at 6.

II.   Discussion

    A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Amended Complaint. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 631 n.1 (4th Cir. 2003). Even under this less stringent standard, the Amended Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss a case in which a litigant seeks to proceed *in forma pauperis* at any time it determines the action is frivolous or fails to state a claim on which relief may be granted. *Weller v. Dep't of Soc. Serv.,* 901 F.2d 387, 391 (4th Cir. 1990).

B.  Analysis

A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In addition, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

In the present case, Plaintiff fails to demonstrate, or even allege, that Defendant Florence Mauney personally participated in any of the events giving rise to this Amended Complaint. When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Aylor v. Town of Culpeper*, No. 96-1438, 1996 WL 671340 at *1 (4th Cir. Nov. 20, 1996)(defendant properly dismissed when he was not directly involved in the incidents surrounding the action); *Simmons v. Stokes*, C/A No. 5:11-175-RMG-KDW, 2012 WL 3134221 at *7 (D.S.C. June 20, 2012)(dismissal of defendants proper when amended complaint failed to raise specific factual allegations against them). As such, any individual capacity claim against the sole Defendant in this case is subject to summary dismissal.

To the extent Plaintiff is attempting to hold Defendant Mauney liable in her capacity as supervisor at Perry Correctional Institution, the case is also subject to summary dismissal. A § 1983 claim for supervisory liability cannot rest on the doctrine of respondeat superior. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). Further, while supervisory officials may be held liable for

4

constitutional injuries inflicted by their subordinates in some circumstances, certain criteria must first be established. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). A plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d at 221. The Amended Complaint in this case alleges that inmates have complained to the prison "Administration." However, the pleading presents no facts to demonstrate that Defendant Mauney has been made aware of any pervasive or unreasonable risk of constitutional injury to Plaintiff, or that this Defendant has been deliberately indifferent to any such risk. Because Plaintiff has not shown that Defendant Mauney is liable in her individual or supervisory capacity, the Amended Complaint is subject to summary dismissal.

Finally, it is noted that the Amended Complaint, like the original pleading, is written in generic terms and provides no facts regarding how any of the allegedly unconstitutional prison conditions have negatively impacted Plaintiff, or subjected him to any specific instances of danger. Although the court must liberally construe the pro se Amended Complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because it "failed to contain any factual allegations tending to support his bare assertion"). Additionally, while Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Amended Complaint, he must allege facts that support a claim for relief. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). This

5

Court is not required to develop tangential claims from scant assertions in the Amended Complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985).

III.     Conclusion and Recommendation

Accordingly, it is recommended that the Amended Complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

October 11, 2012                                    Kaymani D. West
Florence, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).