IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Brandon J. Lunn, | ) Civil Action No.: 5:12-02453-MGL |
| Plaintiff, | ) |
| vs. | ) **ORDER AND OPINION** |
| Florence Mauney, | ) |
| Defendant. | ) |

Plaintiff Brandon J. Lunn ("Plaintiff"), proceeding *pro se*, is a state inmate housed at Perry Correctional Institution ("PCI") of the South Carolina Department of Corrections. On August 24, 2012, Plaintiff filed a pleading entitled "Complaints of State Prisoners" alleging unconstitutional prison conditions on behalf of himself and other prisoners. (ECF No. 1.) The court construed the complaint as a civil rights action brought pursuant to 42 U.S.C. §1983 and subsequently issued an order directing Plaintiff to bring this case into proper form for initial review and possible service of process. (ECF No. 7.) Plaintiff complied with the court's order by submitting the necessary documents, to include a standard complaint form, which has been docketed as an Amended Complaint. (ECF No. 13.) The Amended Complaint lists Florence Mauney as the sole Defendant and alleges that the prison conditions at PCI are in violation of the rights of inmates. (ECF No. 13 at 3-5.) Petitioner seeks to "have [a] better environment to live in" and various types of injunctive relief. (ECF No. 13 at 6.)

STANDARD OF REVIEW AND ANALYSIS

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial

handling. On October 11, 2012, Magistrate Judge West issued a Report and Recommendation ("Report") recommending that the court dismiss Plaintiff's Amended Complaint without prejudice and without issuance and service of process as Plaintiff has failed to allege facts supporting a claim for relief. (ECF No. 22.) The Report sets forth in detail the relevant facts and legal standards on this matter which the court incorporates herein without a recitation.

The Magistrate Judge only makes a recommendation to this Court. The recommendation has no presumptive weight, and the Court retains the responsibility for making a final determination. *Mathews v. Weber*, 423 U.S. 261, 269, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff timely filed objections to the Magistrate Judge's Report. (ECF No. 25.) As an initial matter, Plaintiff asserts that he is permitted to sue on behalf of other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. (ECF No. 25 at 1.) He further maintains that the Magistrate Judge should have construed that he and every other inmate currently housed in the Special Management Unit ("SMU") at PCI was being directly affected by Defendant's conduct. Plaintiff refers to his original pleading, "Complaints of State Prisoners," as evidence of violations of the rights of Plaintiff and other SMU inmates. (ECF No. 25 at 2.) He argues that Defendant Mauney is responsible for violating Plaintiff's rights under a theory of respondeat superior while certain other

-2-

individuals, unnamed in the caption or "parties" section of Plaintiff's Amended Complaint, are allegedly personally liable for their involvement in violating Plaintiff's rights. (ECF No. 25 at 1-2.)

The Court has considered Plaintiff's objections. The Court finds that the Magistrate Judge carefully considered and liberally construed Plaintiff's pleadings in light of the applicable standards for pro se litigants. The Magistrate Judge noted each of Plaintiff's plausible allegations. The Magistrate then correctly concluded that the Amended Complaint, like the original pleading, is written in generic terms and provides no facts to assert Plaintiff's bare assertions regarding the allegedly unconstitutional prison conditions. (ECF No. 22 at 5.) The Court finds no error in the Report and its conclusion and Plaintiff's objections fail to speak to any specific errors in the Magistrate Judge's legal analysis and ultimate conclusion.

As explained in the Magistrate Judge's August 28, 2012 proper form order, the Fourth Circuit has held that a prisoner, proceeding pro se, cannot represent other prisoners in a class action lawsuit. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981) (suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners"). Therefore, to the extent Plaintiff is attempting to bring a class action lawsuit, he simply cannot do so and Plaintiff's objection on this point has no merit. Further, the Magistrate Judge has fully addressed Plaintiff's respondeat superior claim and the reasons why said claim is subject to summary dismissal. (ECF No. 22 at 4-5.) This Court agrees with the Magistrate Judge's analysis and thus, finds that this objection also has no merit. Of course, the court has already informed Plaintiff as to why he is not permitted to present

claims on behalf of other inmates and further, as a general rule, "an amended pleading supersedes the original pleading, rendering the original pleading of no effect." *Young v. City of Mount Ranier*, 238 F.3d 567 (4th Cir. 2001.) Consequently, Plaintiff's references to his original "Complaints of State Prisoners" pleading do not cast doubt on the Magistrate Judge's reasoning or even alert the Court to matters which were erroneously considered by the Magistrate Judge.

## CONCLUSION

Accordingly, after a thorough review of the Magistrate Judge's Report and Recommendation, the applicable law, and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein. Plaintiff's objections are overruled. Accordingly, the Report is incorporated herein by reference, and the instant action is DISMISSED without prejudice and without service of process. Plaintiff's Motion to Appoint Counsel (ECF No. 27) is DENIED as there is generally no right to counsel in a civil case and the Court, in its discretion, concludes that the issues in this matter do not appear atypically complex and the interests of justice do not require the appointment of counsel. *See* 28 U.S.C. § 1915(d); *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 101 S.Ct. 2153 (1981); *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975). Any remaining motions are rendered MOOT.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

March 27, 2013
Spartanburg, South Carolina